# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DEWAYNE HUGHES
ADC#109733                                                                                          PETITIONER

VS.                                 5:12CV00004 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Shane Hayes. *Docket entry #2*. Before addressing Petitioner's

habeas claims, the Court will review the procedural history of the case in state court.

On September 23, 1996, Petitioner pleaded guilty, in Phillips County Circuit Court, to first-degree murder and kidnapping. *Docket entry #9-1*. He was sentenced to an aggregate 45-year term of imprisonment. *Id*.

On January 4, 2012, Petitioner initiated this federal habeas action. *Docket entry #2*. In his Petition, he challenges the ADC's allegedly erroneous calculation of his "transfer" or parole eligibility date.[1] According to Petitioner, he should be eligible for transfer after serving fifty percent of his sentence, not the seventy percent calculated by the ADC. He argues that the Arkansas statutes implementing the so-called "70% rule" violate his constitutional rights under: (1) the Due Process Clause; (2) the Equal Protection Clause; and (3) the Ex Post Facto Clause. *Docket entry #2*.

Respondent argues that: (1) Petitioner's claims are barred by the statute of limitations; and (2) Petitioner has failed to exhaust his state court remedies. *Docket entry #9*. Thus, Respondent contends that the Court must dismiss this action.

For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner can exhaust his available state court remedies.

---

[1] A "transfer date" is the "earliest date on which an offender is eligible for transfer from the [ADC] to the Department of Community Correction." Ark. Code Ann. § 16-93-1202(12)(A) (Supp. 2013). The ADC has informed Petitioner that he is eligible for transfer on April 15, 2027. *Docket entry #2 at 13*.

## II. Discussion

There is nothing in the record indicating that Petitioner has pursued his federal constitutional claims in state court. In his Reply Brief, Petitioner acknowledges that his only efforts at exhaustion have been limited to filing grievances with the ADC challenging the calculation of his transfer eligibility date. *Docket entry #13*. Thus, Petitioner appears to admit that he has made no attempt to exhaust his available remedies in state court.

A habeas petitioner must exhaust his available state-court remedies as a prerequisite to federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Furthermore, as a matter of comity, a federal court should not review a habeas claim by a state prisoner until the state courts have had an opportunity to review the claim and correct any error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *See Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

The State of Arkansas allows a state prisoner to challenge the computation of his sentence, including parole or transfer eligibility. The available state court remedies include the filing of a "petition for declaratory judgment and writ of mandamus" in the circuit court "in which . . . the Director or keeper of the records

of the Arkansas Department of Correction is located."[2] *See Houston v. State*, 2003 WL 1950248, *1 (Ark. Apr. 24, 2003) (unpublished *per curiam*). Arkansas prisoners have utilized these remedies to seek judicial review of the ADC's alleged miscalculation of projected parole eligibility dates, including constitutional challenges to the alleged miscalculation of those dates. *See, e.g. Pitts v. Hobbs*, 2013 Ark. 457, 2013 WL 5968940 (Nov. 7, 2013) (unpublished); *Gardner v. Hobbs*, 2013 Ark. 439, 2013 WL 5878140 (Oct. 1, 2013) (unpublished); *accord Shabazz v. Norris*, 76 F.3d 382 (8th Cir. 1996) (unpublished *per curiam*) (dismissing § 2254 petition for failure to exhaust and stating that an inmate disagreeing with the computation of his parole eligibility and release dates could file state-court actions for declaratory judgment and mandamus against the ADC to have the records corrected).

Accordingly, the Court concludes that Petitioner has not exhausted his habeas claims in state court. To properly exhaust his federal constitutional claims challenging the ADC's calculation of his transfer eligibility date, Petitioner should file a state-court petition for a "petition for declaratory judgment and petition for a writ of mandamus" in Jefferson County Circuit Court. He should name as respondents, Ray Hobbs, Director, Arkansas Department of Correction, and Charlotte Sumner, who appears to be the current ADC "keeper of the records." If

---

[2] *See* Ark. Code Ann. § 16-111-101, *et seq.* (declaratory judgments); Ark. Code Ann. § 16-115-101, *et seq.* (writs of mandamus).

the state trial court does not grant Petitioner relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the denial of relief, Petitioner should promptly file a petition for a writ of habeas corpus in federal court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 11th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE